# 2000 DTA 126

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**
**PANEL II**

JUAN E. COLON GARCIA, POR SI, MILAGROS MORENO RAMOS, POR SI Y LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR AMBOS
Demandantes-Recurridos

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO POR LA GUARDIA NACIONAL, ET AL.
Demandados-Recurrentes

Núm. KLCE9501425

San Juan, Puerto Rico, a 31 de marzo de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
el Juez Aponte Jiménez y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

· La parte peticionaria, Estado Libre Asociado y otros, recurre de la resolución de 10 de noviembre de 1999 emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró sin lugar una solicitud de permiso para enmendar las alegaciones y una moción de sentencia sumaria, ambas presentadas por dicha parte.

Alega la parte peticionaria que incidió el tribunal *a quo* al determinar que la defensa de prescripción no es una de las incluidas dentro de la defensa afirmativa de dejar de exponer una reclamación que justifique la concesión de un remedio. Plantea, además, que en la alternativa, erró al no permitir las enmiendas a las alegaciones y al denegar la moción de sentencia sumaria.

Consideradas las posiciones de las partes, la resolución recurrida y el derecho aplicable, procede denegar el auto solicitado.

## I

Los hechos procesales relevantes, según el expediente, se exponen a continuación. Los recurridos, Juan E. Colón Carcía y otros, presentaron una demanda en daños y perjuicios el 21 de mayo de 1998. Solicitaron, además, una sentencia declaratoria, un interdicto preliminar y uno permanente. Alegaron los recurridos que la parte peticionaria no había cumplido con los términos de una resolución final y firme de la Junta de Apelaciones del Sistema de Personal (J.A.S.A.P.) que ordenaban la reinstalación del recurrido Juan E. Colón García a su puesto, ni había reconocido sus prerrogativas y derechos. Esta resolución se refería a una acción por despido injustificado que el señor Colón García había presentado en el 1994 ante ese organismo administrativo.

El 25 de agosto de 1998, la parte peticionaria presentó la contestación. En su contestación, entre otras defensas afirmativas, se planteó que los recurridos no habían expuesto hechos que justificaran la concesión de un remedio. No levantó, sin embargo, la defensa de prescripción.

Así las cosas, el tribunal *a quo*, a los fines de tramitar el caso de manera expedita, estableció un esquema para el descubrimiento de prueba. El 10 de septiembre de 1999, luego de cuatro cambios en la representación legal de la parte peticionaria y casi concluido el descubrimiento de prueba, esta parte solicitó se le autorizara a enmendar su contestación a los fines de incluir la defensa de prescripción. Junto con su solicitud, la peticionaria presentó, además, una moción de sentencia sumaria.

En su solicitud, la peticionaria argumentó que las reglas vigentes sobre las defensas contienen un lenguaje más laxo y que procede acoger el enfoque federal de permitir enmiendas a las alegaciones, siempre que no se cause perjuicio. Sostuvo que la defensa de prescripción no fue renunciada, ya que ésta se encontraba comprendida en la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio. Fundamentó su decisión en la Regla 10.2 de Procedimiento Civil, la cual permite presentar una moción de desestimación fundamentada en la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio.

Luego de considerados los planteamientos de las partes, el tribunal de instancia concluyó que la defensa de prescripción, si no es levantada en la contestación, se entiende renunciada. Por lo que, indicó el tribunal *a quo* que permitir que las defensas afirmativas de la Regla 6.3 de Procedimiento Civil puedan ser levantadas indirectamente a través de las enumeradas en la Regla 10.2, acarrearía una contradicción con el mandato de la Regla 6.3, al efecto de que las defensas afirmativas sean promovidas expresamente. Determinó que la parte peticionaria no demostró circunstancias que justificaran su falta de diligencia. Finalmente, basado en sus conclusiones, el tribunal de instancia declaró sin lugar, tanto la moción de enmienda a las alegaciones, como la moción de sentencia sumaria.

No conforme con la decisión del tribunal de instancia, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa. Atendidos los planteamientos levantados ante nos, denegamos el recurso solicitado. Veamos.

## II

Referente a la defensa de prescripción, levanta la parte peticionaria que incidió el tribunal de instancia al determinar que ésta no es una de las incluidas dentro de la defensa más abarcadora de dejar de exponer una reclamación que justifique la concesión de un remedio y que abusó de su discreción al no permitir enmendar las alegaciones para incluirla.

La Regla 6.3 de las Reglas de Procedimiento Civil de 1979 establece que al responder a una alegación precedente, las siguientes defensas deberán expresarse afirmativamente: transacción, aceptación como finiquito, laudo y adjudicación, asunción de riesgo, negligencia, exoneración por quiebra, coacción, impedimento, falta de causa, fraude, ilegalidad, falta de diligencia, autorización, pago, exoneración, cosa juzgada, prescripción adquisitiva o extintiva, renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa.

El demandado, al momento de radicar su alegación responsiva en el tribunal debe exponer en ésta las defensas afirmativas que estime que le aplican. En relación con las *"defensas afirmativas"* enumeradas en la transcrita Regla 6.3, nuestro Tribunal Supremo ha resuelto, en reiteradas ocasiones, que una defensa afirmativa, si

no se levanta a tiempo, se entiende renunciada a menos que se evidencie que no se omitió por falta de diligencia; esto es, dichas defensas tienen que ser opuestas en la primera alegación responsiva de la parte a quien pueden favorecer las mismas. *López Stubbe v. J. Gus Lallande,* 144 D.P.R. ___ (1998), **98 J.T.S. 8**; *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294.

La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, permite a cualquier parte en un pleito presentar una moción de desestimación porque las alegaciones contenidas en la demanda, reconvención, demanda contra coparte o demanda contra tercero, entre otras defensas, dejan de exponer una reclamación que justifique la concesión de un remedio. La norma en nuestro ordenamiento jurídico, es que un tribunal, ante una moción de desestimación, debe dar por ciertas todas las alegaciones presentadas en el escrito.

El lenguaje de la Regla 10.2 es de carácter mandatorio en cuanto a que expresa que toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, se expondrá en la alegación correspondiente. Por excepción, las defensas específicas enumeradas en la Regla 10.2 pueden ser expresadas, a opción de la parte que las levanta, ya sea en que una de las alegaciones respondientes, según definidas en la Regla 5 de Procedimiento Civil, junto con las demás defensas de hecho o derecho o mediante una moción, tal como una moción de desestimación.

La Regla 10.2 no contiene ninguna expresión en cuanto a la inclusión de las defensas afirmativas enumeradas en la Regla 6.3. Estas defensas enumeradas son taxativas. Es decir, aquellas defensas enumeradas en la Regla 6.3 deben ser levantadas en la contestación o en una moción previa a ésta o, de lo contrario, se entienden renunciadas. Las defensas incluidas en la Regla 10.2, por el contrario, pueden levantarse en etapas posteriores, de acuerdo a lo expresado en la dicha regla. Concluimos, pues, que la defensa de prescripción no está comprendida en la defensa de dejar de exponer hechos que justifiquen la concesión de un remedio.

En definitiva, las Reglas 6.3 y 10.2 de Procedimiento Civil requieren la presentación de las defensas afirmativas y de no hacerlo, se entienden renunciadas. 32 L.P.R.A. Ap. III.

No hay base alguna para sostener que las enmiendas de 1979 a la Regla 10.8, *supra*, variaron ese enfoque. Véase comentario a dicha regla en 32 L.P.R.A. Ap. III, R. 10.8. La recurrente pretende levantar la defensa, luego de presentar la contestación de la demanda. Ello no es posible. Esta interpretación sería contraria al principio de la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, de que estas reglas se interpretarán para garantizar *"una solución justa, rápida y económica de todo procedimiento."*

Una defensa afirmativa que no es levantada a tiempo se considera renunciada, salvo que se demuestre que se le omitió por falta de diligencia. *López Stubbe v. J. Gus Lallande, supra*; *Meléndez Vega v. El Vocero, infra*. Indudablemente, admitir que las defensas afirmativas de la Regla 6.3 de Procedimiento Civil puedan ser levantadas indirectamente a través de las mencionadas en la Regla 10.2, es incompatible con el precepto de la Regla 6.3, al efecto de que las defensas afirmativas sean promovidas expresamente.

En *Meléndez Vega v. El Vocero,* 144 D.P.R. ___(1997); **97 J.T.S. 139**, el Tribunal Supremo indicó que luego de entablarse un procedimiento judicial, la parte demandada no deberá esperar por años para levantar una defensa afirmativa para posteriormente sorprender a todas las otras partes; una defensa afirmativa que no es levantada a tiempo de acuerdo a las disposiciones de la Regla 6.3, *supra*, se considera renunciada, salvo que se demuestre claramente que la omisión no se debió a la falta de diligencia del demandado, no siendo esto último lo usual.

Reconocemos que la prescripción extintiva de las acciones no es materia procesal, sino materia sustantiva regida por el Código Civil. *Olmo v. Young & Rubicam of P.R., Inc.,* 110 D.P.R. 740, 742-743 (1981). Es menester señalar que la prescripción es una defensa afirmativa que se renuncia al no invocarla oportunamente mediante moción al efecto o al no levantarla al contestar la contestación. Regla 6.3, *supra*; *Epifanio Vidal, Inc. v. Suro,* 103 D.P.R. 793, 794 (1975); *Ramos v. Trans Oceanic Ins. Co.,* 103 D.P.R. 298, 300 (1975).

En el caso de autos, más de un año después de presentar su contestación, la parte peticionaria pretende utilizar un subterfugio para enmendar la contestación. La pretensión en cuanto a que la defensa afirmativa de prescripción está incluida dentro de la defensa de Regla 10.2 de dejar de exponer una reclamación que justifique la concesión de un remedio, no es procedente. La parte peticionaria se tomó tres meses para contestar la demanda; sin embargo, no levantó en tiempo la defensa de prescripción.

El permitir en esta etapa de los procedimientos, ya completado el descubrimiento de prueba, una enmienda de este tipo causaría perjuicio a la parte recurrida, según ésta lo expone en su oposición al recurso. La parte peticionaria no actuó de manera diligente y ahora pretende utilizar el remedio procesal equivocado para rectificar su error. No procede autorizarla a enmendar sus alegaciones.

Finalmente, coincidimos con el tribunal en que la peticionaria tampoco ha ofrecido una razón para justificar su demora, más allá de los cambios en representación legal. *Epifanio Vidal, Inc. v. Suro, supra.* Ciertamente, la peticionaria ha sufrido cuatro cambios en su representación legal durante el transcurso de la tramitación de este caso. Sin embargo, es menester reiterar la norma trillada de que *"por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio, no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado".* *Srio del Trabajo v. J.C. Penney Co., Inc.,* 119 D.P.R. 660 (1987); *Maldonado v. Srio. de Recursos Naturales,* 113 D.P.R. 494 (1982); *Díaz v. Tribunal Superior,* 93 D.P.R. 79 (1966).

Por consiguiente, estuvo correcto el tribunal al señalar que no es merecedora de tal protección, pues no ha demostrado la existencia de alguna circunstancia que nos convenza de que su silencio no se debió a su propia falta de diligencia. *Meléndez Vega v. El Vocero, supra.*

## III

La parte peticionaria alega que procedía la sentencia sumaria, tanto por prescripción, como porque la parte recurrida no posee prueba de discrimen.

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza al tribunal a dictar sentencia sumaria cuando *"no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte promovente".* *Soto v. Caribe Hilton,* 137 D.P.R. (1994), **94 J.T.S. 128;** *Rodríguez v. Secretario de Hacienda,* 136 D.P.R. ___ (1994), **94 J.T.S. 20.**

La sentencia sumaria sólo procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *López Stubbe v. J. Gus Lallande, supra; Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos,* 144 D.P.R. ___ (1997), **97 J.T.S. 147.** De ordinario, si existen dudas sobre la procedencia de la moción, éstas deben ser resueltas en contra de la parte proponente de la misma. *Bonilla Medina v. Partido Nuevo Progresista,* 140 D.P.R. ___ (1996), **96 J.T.S. 33.**

En particular, el Tribunal Supremo de Puerto Rico ha expresado que no resulta aconsejable disponer de un pleito mediante sentencia sumaria cuando existen elementos subjetivos de intención, propósitos mentales o negligencia, o cuando sea esencial adjudicar la credibilidad de las partes. *Soto v. Caribe Hilton, supra.* La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia. *PFZ Properties v. General Accident Insurance Corp.,* 136 D.P.R. ___ (1994), **94 J.T.S. 116.**

La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. *Pilot Life Insurance Company v. Crespo Martínez,* ___ D.P.R. ___ (1994), **94 J.T.S. 104.**

No procedía la sentencia sumaria en este caso por los fundamentos previamente expuestos. Tampoco demostró la parte peticionaria que no existiera controversia de hechos sobre lo reclamado en la demanda.

En conclusión, en la situación de autos, luego de determinado que no procede la solicitud de la parte peticionaria para enmendar las alegaciones, no procedía la prescripción y surgen controversias reales, no habiendo demostrado la parte peticionaria lo contrario. Por tanto, no procedía que se dictara sentencia sumaria.

## IV

Por los fundamentos que anteceden, denegamos la expedición del auto solicitado. Se ordena la continuación de los procedimientos ulteriores en el caso de forma compatible con lo aquí expresado.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General