Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RITA ALTAGRACIA ARISTY LÓPEZ, MIRANDA PATRICE PURCELL ARISTY, ALEJANDRA CAMILLE PURCELL ARISTY Y OTROS<br><br>Demandantes - Recurridos<br><br>v.<br><br>METRO SANTURCE, INC., H/N/C HOSPITAL PAVIA SANTURCE, HATO REY PATHOLOGY ASSOCIATES, INC., H/N/C HRP LABS, DR. LUIS F. GARCÍA PAREDES Y OTROS<br><br>Demandados<br><br>**LUIS F. GARCÍA PAREDES**<br><br>Peticionario | KLCE202400061 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.: SJ2023CV04458<br><br>Sobre: Impericia Médica |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2024.

El Tribunal de Primera Instancia ("TPI") autorizó una enmienda a una demanda, sobre daños por supuesta impericia médica, dirigida a añadir una causa de acción por lucro cesante. Según se explica a continuación, como la reclamación por lucro cesante surge del mismo núcleo de hechos por el cual se presentó la demanda, no había impedimento para que el TPI autorizara la enmienda, con el efecto de que la misma se retrotraiga a la fecha de la presentación de la demanda.

I.

En mayo de 2023, las señoras Rita Altagracia Aristy López, Miranda Patrice Purcell Aristy y Alejandra Camille Purcell Aristy

presentaron la acción de referencia, sobre daños y perjuicios por alegada impericia médica (la "Demanda"), en contra, en lo pertinente, del Dr. Luis F. García Paredes (el "Médico"). Alegaron que el Sr. Carlos Caonabo Purcell Cabrera, quien era esposo de la Sa. Aristy y padre de las otras demandantes, falleció como consecuencia de la impericia del Médico y de otros demandados. Reclamaron $1,500,000 en daños heredados y, por los daños y angustias propios, también reclamaron $1,500,000.

El 13 de noviembre, las demandantes presentaron una *Solicitud de Enmienda a la Demanda,* ello con el fin de incluir una reclamación por lucro cesante. El TPI ordenó a los demandados que se expresaran en un término de 10 días; varios se opusieron al plantear que la enmienda debía entenderse como una reclamación distinta y separada a la original, por lo cual estaría prescrita. Las demandantes replicaron.

Mediante una orden notificada el 30 de noviembre (la "Orden"), el TPI autorizó la presentación de la referida enmienda a la Demanda.

El 13 de diciembre, el Médico solicitó la reconsideración de la Orden, lo cual fue denegado por el TPI mediante una Resolución notificada el 18 de diciembre.

Inconforme, el 17 de enero, el Médico presentó el recurso que nos ocupa; formula el siguiente señalamiento de error:

> Erró el TPI al autorizar una enmienda a la demanda para incluir una nueva causa de acción de daños especiales no reclamados a tiempo.

Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913,

917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene discreción para determinar si expide el auto y, así, revisa los méritos de la determinación recurrida. Sin embargo, esta discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. … .

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Como cuestión de umbral, no está claro que estemos autorizados, bajo los términos de la Regla 52.1, *supra,* a intervenir con la decisión recurrida. Adviértase que se trata de si se autoriza una enmienda a una demanda, asunto no contemplado en la referida regla.

En cualquier caso, aun partiendo de la premisa, sin resolverlo, que estaríamos autorizados a expedir el auto solicitado, determinaríamos no expedirlo bajo los criterios de la Regla 40, *supra.* Ello porque el TPI no cometió error de derecho alguno al autorizar la enmienda a la Demanda, ni tampoco podemos concluir que, al así actuar, el TPI haya abusado de su discreción.

La reclamación por lucro cesante surge del mismo núcleo de hechos por el cual se presentó la Demanda. Por tanto, y contrario a lo que arguye el Médico, la presentación de la Demanda interrumpió el término prescriptivo para instar cualquier reclamación de las demandantes que surgiera del referido núcleo de hechos, como lo es la causa de acción por lucro cesante. *Ortiz Díaz v. R & R Motors Sales Corp.,* 131 DPR 829 (1992). Así pues, no hay impedimento jurídico para que aplique la norma general a los efectos

de que la enmienda a una demanda se retrotrae al momento de la presentación de la demanda original.  Véase, Regla 13.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 13.3.

Tampoco podemos concluir que el TPI hubiese abusado de su discreción al autorizar la enmienda en esta etapa del caso. Resaltamos que la autorización para enmendar una demanda debe concederse liberalmente, aun en etapas avanzadas del pleito, tomando en consideración el impacto del tiempo transcurrido previo a la enmienda, la razón de la demora y el perjuicio a la otra parte. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020); *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 750 (2005); véase, además, *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975).  Se causará un perjuicio si la enmienda transforma sustancialmente la naturaleza y el alcance del caso o si obliga a la otra parte a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevamente el descubrimiento de prueba.  *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 204 (2012).

En este caso, el proceso se encuentra en una etapa temprana[1] y la enmienda no transforma sustancialmente la naturaleza del caso.  Por tanto, no se ha demostrado que el Médico sufriría algún perjuicio indebido como consecuencia de la enmienda presentada.

IV.

Por los fundamentos antes expuestos, se deniega expedir el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] De hecho, casi simultáneamente con la autorización de la enmienda, el TPI le ordenó a las partes presentar, en 30 días, el Informe de Manejo de Caso.  Véase, Apéndice del recurso, pág. 80.