EPIFANIO VIDAL, INC. demandante y recurrente, *v.* MARIO A.
SURO y PUERTO RICAN AMERICAN INSURANCE CO., deman-
dados y recurridos.

Número: R-74-369     Resuelto: 12 de mayo de 1975

*Luis E. Cintrón Renta* y *Manuel Fuentes Adorno,* abogados de la
recurrente; *Agrait, Otero & Oliveras,* abogados de los recurri-
dos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

■ La defensa de prescripción, de no alegarse a tiempo, se tendrá por renunciada y podrá revivirse sólo bajo circunstancias demostrativas de que la omisión no se debió a falta de diligencia y que por otro lado no ha de irrogarse substancial perjuicio en términos de una solución justa, rápida y económica a la parte contra quien se opone.

Antonio V. Reyes y su esposa presentaron demanda de daños contra Suro porque el 28 de mayo de 1971 un camión de éste les chocó su automóvil causándole graves desperfectos. La corporación recurrente Epifanio Vidal, Inc., se unió al pleito como demandante dueña del vehículo según demanda enmendada de fecha 23 de agosto de 1972, ya transcurrido el año que para la acción de daños señala el Art. 1868(2) del Código Civil (31 L.P.R.A. sec. 5298(2)). Contestaron esta demanda Suro y su aseguradora admitiendo la ocurrencia del accidente, la negligencia del demandado y la cubierta de la póliza. No suscitaron la defensa de prescripción.

Revelado por el descubrimiento de prueba que la corporación Vidal, Inc., y no los esposos Reyes era la única dueña del automóvil damnificado, dichos cónyuges codemandantes desistieron de la acción y el Tribunal al eliminarlos como partes, dispuso que el pleito siguiera con las restantes. Aparece entonces en el curso procesal un acto superfluo e innecesario: el 4 de marzo de 1974 se radica una demanda enmendada que sólo cambia el título del pleito, figurando como única demandante la corporación. Es contra esta demanda enmendada que por primera vez plantean los demandados la defensa de prescripción. El tribunal de instancia concedió la defensa y declaró prescrita la acción. Acordamos revisar.

■ Usualmente no podrá revivirse una defensa renunciada. De otro modo no tendría eficacia ni utilidad final la

Regla 10.8 de Procedimiento Civil. ([1]) Si el demandante enmienda su demanda, el demandado puede optar por retirar su contestación y alegar nuevamente. Además, si el demandante ha introducido materia nueva en su demanda que está sujeta a una de las defensas enumeradas en la Regla 10.2, el demandado podrá ejercitar esa defensa mediante moción o alegación responsiva, aun cuando no la hubiere planteado inicialmente. No obstante, si la enmienda se limita a *corregir un defecto técnico* o a invalidar una defensa suscitada por el demandado, las defensas renunciadas antes de la enmienda *no serán revividas*. Wright & Miller, *Federal Practice & Procedure*, Tomo 5, sec. 1347, pág. 534.

El rigor de la Regla 10.8, sin embargo, está atemperado por el precepto de la 13.1: las partes podrán enmendar su alegación con permiso del Tribunal, que se concederá liberalmente *cuando la justicia así lo requiera.*

■ Vemos muy poca justicia en exonerar vía prescripción a una parte que ha admitido negligencia y que se guardó dicha defensa en la primera oportunidad que tuvo para plantearla. Veamos los demás componentes del cuadro procesal en que se produce el reclamo de justicia por el demandado y su aseguradora. Este pleito se inició por demanda presentada el 2 de febrero de 1972; cuando la recurrente Vidal, Inc., se incorpora

---

([1]) Regla 10.8. Renuncia de defensas

"Una parte renuncia a todas las defensas y objeciones que no formulare mediante moción como se ha dispuesto anteriormente, o, si no ha presentado moción, en su contestación o réplica, excepto que (1) la defensa fundada en haber dejado de exponer una reclamación que justifique la concesión de un remedio, la defensa de haber omitido acumular una parte indispensable, y la objeción de haber omitido exponer una defensa legal a una reclamación, también pueden hacerse mediante una alegación posterior, si ésta es permitida, o mediante moción para que se dicte sentencia por las alegaciones o en el juicio, y excepto que (2) siempre que aparezca por indicación de las partes o de algún otro modo que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito. Si la objeción o defensa se formulare en el juicio, se resolverá como se dispone en la Regla 13.2, con vista a cualquier evidencia que pueda haberse recibido."

796

como demandante era enteramente obvio para los demandados que había transcurrido el término de un año para promover la acción de daños; se han agotado los medios de descubrimiento de prueba, se ha celebrado una conferencia con antelación al juicio y la aseguradora ha aceptado responsabilidad quedando por dirimir sólo la cuantía de los daños. Es en dicha avanzada etapa del procedimiento que se produce el intento por revivir la alegación de prescripción renunciada. La liberalidad de la Regla 13.1 para conceder enmiendas no es infinita; está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la defensa que tardíamente se plantea. Wright & Miller, *Federal Practice & Procedure*, Tomo 5, sec. 1394, pág. 868.

Ninguna de dichas circunstancias favorece el restablecimiento de la defensa de prescripción voluntariamente renunciada.

*La sentencia recurrida ha de ser revocada.*