Segarra Olivero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La peticionaria, SMA Life Assurance Company (en adelante "SMA"), recurre ante nos y solicita que revoquemos una resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Yauco, mediante la cual se declaró "No Ha lugar" a una solicitud para enmendar la contestación a la demanda a los efectos de instar una reconvención contra la parte demandante de epígrafe.
Por las razones que expondremos, más adelante, se expide el auto y se revoca la resolución recurrida.
I
El 15 de diciembre de 1994, Milton Arizmendi y su esposa Nilsa Martínez (en adelante los demandantes) *735 radicaron una demanda por incumplimiento de contrato y daños y perjuicios contra State Mutual Life Insurance Company —reclamación que posteriormente fue desestimada— y otras partes. En o alrededor del 13 de mayo de 1995, los demandantes enmendaron su demanda para incluir a la peticionaria SMA como demandada, reclamándole el pago de beneficios por incapacidad, conforme a las cláusulas y condiciones de la póliza suscrita entre Nilsa Martínez y SMA en 1988, además de los daños sufridos por el incumplimiento del contrato de seguro otorgado entre las partes. La Sra. Nilsa Martínez alegó que por motivo de un accidente sufrido en agosto de 1993 había quedado totalmente incapacitada para desempeñarse en su trabajo como administradora de un negocio. La co-demandante señaló que SMA se había negado a cumplir con su obligación contractual, por lo cual solicitó el pago de las mensualidades correspondientes al período comprendido entre el mes de diciembre de 1993 hasta el 30 de junio de 1994, fecha en que fue dada de alta.
SMA contestó la demanda negando responsabilidad y alegando afirmativamente que la demandante Nilsa Martínez no estuvo totalmente incapacitada —según dicho término se define en la póliza— durante todo el período de incapacidad alegado en la demanda enmendada. Por ello, SMA adujo que la co-demandante no tenía derecho al pago de los beneficios reclamados.
Posteriormente, la peticionaria SMA presentó una "Solicitud de Autorización para Enmendar la Contestación a la Demanda Enmendada" en la cual señaló que, a raíz del descubrimiento de prueba realizado en el caso, advino en conocimiento de que la demandante le hizo representaciones falsas en relación con las labores que realizaba al momento de ocurrir la supuesta incapacidad. SMA alegadamente descubrió que la Sra. Nilsa Martínez era ama de casa para la fecha en que aconteció el accidente que la incapacitó, información que controvertía las manifestaciones de la co-demandante a sus labores como administradora y/o supervisora de un negocio. Por lo anterior, SMA le solicitó al Tribunal de Primera Instancia que le permitiese enmendar su contestación a la demanda con el propósito de incluir una reconvención contra la demandante Nilsa Martínez para reclamar los beneficios que fueron cobrados "impropia, incorrecta y/o fraudulentamente por Martínez", por no ser ésta elegible para obtener los beneficios bajo la póliza. 
Los demandantes se opusieron a dicha solicitud, alegando que no habían suministrado información falsa a la peticionaria, que la reconvención propuesta "es compulsoria y en esta etapa es tardía", y que la concesión del permiso para enmendar "demora innecesariamente los procedimientos y causa perjuicio a los demandantes".
El 16 de agosto de 1996, el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Yauco, declaró sin lugar la solicitud de SMA, y dictaminó lo siguiente: "A la solicitud de enmienda no ha lugar; la misma es una de carácter compulsorio". Posteriormente, SMA solicitó la reconsideración de dicha orden. El 18 de septiembre de 1996, el tribunal a quo se reiteró en su dictamen anterior, señalando, además, que la petición de enmienda era tardía.
Inconforme con este dictamen, la parte peticionaria acude ante nos mediante petición de certiorari y auxilio de jurisdicción alegando que erró el tribunal a quo "al no permitir a SMA enmendar su contestación a la demanda para incluir una reconvención a pesar de que los hechos que dan base a dicha reconvención advinieron en conocimiento de SMA como resultado del descubrimiento de prueba en este mismo caso, por lo cual no podía haber incluido dicha reclamación en su contestación original a la demanda". Solicitó la paralización de los procedimientos debido a que la conferencia con antelación al juicio estaba señalada para el 22 de noviembre de 1996.
El 18 de noviembre de 1996, expedimos el auto y ordenamos la paralización de los procedimientos en el tribunal a quo. La parte recurrida presentó su oposición a la solicitud de certiorari. Nos encontramos en posición de resolver.
n
La parte peticionaria nos solicita que le permitamos enmendar su contestación a la demanda apoyándose en lo dispuesto en la Regla 13.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 13.1. Esta regla regula lo relativo a las enmiendas a las alegaciones y, en lo pertinente, dispone que:
*736 "Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera...". (Subrayado nuestro).
Por su parte, la Regla 13.4 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 13.4, permite que una parte pueda presentar alegaciones suplementarias, en cualquier momento durante los procedimientos, siempre a discreción del tribunal. Ñeca Mortgage v. A & W Developers, _ D.P.R. _ (1995), 95 J.T.S. 10. El propósito de la regla es poner al día el litigio mediante la adición de alegaciones a hechos ocurridos con posterioridad a la alegación que se pretende suplementar. J. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Vol. II, Publicaciones J.T.S., Inc., 1984, pág. 81.
Las reglas procesales conceden una amplia facultad discrecional a los tribunales de instancia para permitir enmiendas a una demanda, aun en etapas avanzadas del procedimiento. Reglas 13.1 y 13.2 de Procedimiento Civil, supra; Pérez Cruz v. Hospital La Concepción, 115 D.P.R. 721, 737, nota 4 (1984). Es doctrina reiterada por el Tribunal Supremo de Puerto Rico que la facultad para conceder permiso para enmendar las alegaciones debe ejercerse liberalmente. Cruz Cora v. UCB/Trans Union Puerto Rico Division, _ D.P.R. _ (1995), 95 J.T.S. 12. En Epifanio Vidal, Inc. v. Suro, 103 D.P.R. 793, 796 (1976), el Tribunal Supremo expresó que esta liberalidad "está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que solicitan, sí en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte, y hasta la naturaleza y méritos intrínsecos de la [reclamación] que tardíamente se plantea".
Se ha resuelto que las enmiendas pueden ampliar una de las causas de acción en la demanda original o pueden añadir una o más causas de acción. Ortiz Díaz v. R & R Motors Sales Corp., _ D.P.R. _ (1992), 92 J.T.S. 140. El ofrecimiento tardío de la enmienda no es suficiente de por sí para justificar la denegación del permiso, si no se le ha causado perjuicio a la otra parte. Torres Cruz v. Municipio de San Juan, 103 D.P.R. 217, 220, nota 1 (1975).
En el presente caso la parte demandada y aquí peticionaria alega que, a la luz del descubrimiento de prueba efectuado en el caso y de la investigación realizada, procede que se enmiende la contestación a la demanda para presentar una reconvención contra la parte demandante solicitándole la devolución del dinero que le fue pagado indebidamente. Recordemos que la norma mayoritaria enunciada por nuestro más alto foro ha estado dirigida a permitir liberalmente las enmiendas a las alegaciones. El escueto y lacónico fundamento esbozado por el tribunal a quo para denegar la solicitud de enmienda no nos parece suficiente para variar esta norma jurisprudencial. Un examen de los criterios esbozados por nuestro Tribunal Supremo en Epifanio Vidal, Inc. v. Suro, supra, nos permite concluir que erró el tribunal a quo al no permitir la enmienda solicitada por SMA. La solicitud de enmienda no fue presentada tardíamente, máxime si tomamos en consideración que aún no se había celebrado la conferencia con antelación al juicio, ni mucho menos se había señalado el juicio en su fondo del caso. La concesión del permiso a SMA para que enmiende su contestación no demora innecesariamente los procedimientos ni la adjudicación del pleito, toda vez que la reconvención surge de los mismos hechos en los cuales la demandante basa su reclamación contra SMA. Súmese a lo anterior, que la peticionaria justificó válidamente el no haber presentado la enmienda con anterioridad, habida cuenta de que advino en conocimiento de los hechos que dieron lugar a la reclamación mediante el descubrimiento de prueba realizado después de haber contestado la demanda. Por último, los demandantes no han realizado esfuerzo alguno, ni ante el tribunal recurrido ni ante este Tribunal, por demostrar el perjuicio que se les ocasionaría de concederse el permiso para enmendar la contestación a la demanda con el fin de incluir una reconvención.
En adición, es de aplicación a la situación de autos la Regla 11.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 11.1, que regula lo relativo a la presentación de una reconvención de carácter compulsorio. Esta regla obliga a la parte demandada a formular, al momento de su contestación, cualquier reclamación que tenga contra la parte adversa si ésta surge de la acción u omisión, o evento que motivó la reclamación de la parte demandante. Ñeca *737 Mortgage v. A & W Developers, supra. Existen algunas excepciones que eximen a la parte demandada de presentar la reconvención compulsoria en su contestación a la demanda. Una de estas excepciones es la reconvención por alegación suplementaria, establecida en la Regla 11.5 de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 11.5, mediante la cual el tribunal le permite a la parte demandada presentar su reconvención cuando los hechos que dan lugar a ésta ocurrieron después de haber formulado la contestación a la demanda. Ñeca Mortgage v. A & W Developers, supra.
En el presente caso, al momento de la contestación a la demanda, SMA no tenía conocimiento de los hechos que dieron lugar a la reconvención, o sea, desconocía que alegadamente la co-demandante Nilsa Martínez, al momento de reclamar los beneficios por incapacidad según descritos en la póliza, no estaba trabajando ni recibía ingreso alguno. La peticionaria descubrió tal información después de haber contestado la demanda. Entendemos que en el caso de autos concurrieron las circunstancias que eximían a la parte demandada de presentar la reconvención compulsoria en su contestación a la demanda, según se dispone en la Regla 11.5 de Procedimiento Civil, supra. Resta añadir que de no permitirle a la peticionaria presentar su reconvención en esta etapa de los procedimientos, ésta se verá impedida de radicaría posteriormente, dado el carácter compulsorio de la misma. Ciertamente, lo anterior es un factor adicional que abona a nuestra conclusión de que el tribunal recurrido debió haber permitido a la peticionaria SMA Life Assurance Company que enmendara la contestación a la demanda a los fines de instar una reconvención compulsoria contra los demandantes.
ni
Por los fundamentos expresados se expide el auto solicitado, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia, para la continuación de los procedimientos en forma compatible con lo aquí resuelto.
Así lo pronunció y lo manda el Tribunal y lo certifica la Secretaria General.
ESCOLIOS 96 DTA 176
Aida Ileana Oquendo Graulau
Secretaria General
1.SMA le pagó a la Sra. Nilsa Martínez los beneficios por incapacidad por el período comprendido entre el 8 de septiembre y el 8 de diciembre de 1993, suma que ascendió a un total de $8,784.00. Es ésta la cantidad que pretende recobrar SMA mediante la reconvención.
2. En Ortiz Díaz v. R & R Motors Sales Corp., supra, el Tribunal Supremo señaló "que la conferencia preliminar al juicio ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo". A tales efectos, permitió una enmienda a la demanda para ampliar la causa de acción alegada en el Informe de Conferencia Preliminar con Antelación al Juicio.
3.La Regla 11.5 de Procedimiento Civil, supra, preceptúa que:

"Una reclamación propia para ser alegada por reconvención cuya exigibilidad advenga después de la parte haber notificado su alegación, podrá ser deducida por vía de reconvención mediante alegación suplementaria, con el permiso del tribunal".