Rivera Pérez, Juez Ponente
*913 TEXTO COMPLETO DE LA SENTENCIA
Vista la solicitud de desestimación presentada por la parte aquí recurrida al amparo de la Regla 83 de nuestro Reglamento, contenida en la “Moción de Desestimación y Oposición a Recurso de Certiorari”, se declara no ha lugar. Atendido lo anterior, resolvemos a continuación los méritos que presenta el recurso.
Mediante el presente recurso se solicita de esta Curia la expedición del auto y revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 15 de junio de 1999, notificada a las partes el 23 de junio de 1999. En el referido dictamen, el Tribunal declaró no ha lugar una solicitud de enmienda a la demanda de autos.
No estando conforme con la anterior decisión, la parte demandante, aquí peticionaria, la señora Dharma Delgado Loperena, su esposo, el señor Arturo García Ayala, y la Sociedad Legal de Gananciales compuesta por ambos, acude ante nos. Le asiste la razón a la parte aquí peticionaria; se expide el auto solicitado y se revoca la resolución recurrida.
I
Según se desprende de nuestro expediente, el caso de autos tuvo su origen con una demanda sobre daños y perjuicios presentada por la parte aquí peticionaria ante el Tribunal de Primera Instancia, Sala Superior de Carolina, el 26 de julio de 1994. En la misma se alega, en síntesis, que el 27 de enero de 1994, mientras la co-demandada, señora Dharma Delgado Loperena, se encontraba conduciendo su vehículo fue impactada por un automóvil propiedad del co-demandado, aquí recurrido, City Gas, Inc., conducido por el co-demandado, aquí recurrido, señor Elias Serrano González. Aduce la parte, aquí peticionaria, que el referido accidente fue ocasionado por la exclusiva negligencia que desplegara al conducir el co-demandado, señor Elias Serrano González. Alega, además, que como consecuencia del referido accidente ha sufrido una serie de daños materiales, así como sufrimientos y angustias mentales. Finalmente alega la parte aquí peticionaria que:

“9. La parte demandante se reserva el derecho a reclamar por cualquier tipo de incapacidad parcial, total o permanente hasta ahora desconocida y que pueda surgir con motivo del accidente, y que se conozca una vez se complete el tratamiento al cual se somete actualmente la Sra. Delgado.

*914
10. A base de lo anteriormente expuesto, la parte demandada debe compensar a la parte demandante los honorarios de abogado ocasionados por este pleito. Además, la sociedad legal de gananciales reclama todos los gastos especiales, ya sean médicos o de otra índole provocados y[/]o causados como consecuencia del accidente que ocasionó el demandado, los cuales han sido desembolsado[s] por la parte demandante. ” 

El 18 de mayo de 1999, el Tribunal de Primera Instancia celebró la Conferencia con Antelación al Juicio. Durante la misma, las partes sometieron el Informe Sobre Conferencia con Antelación al, Juicio en el cual la aquí peticionaria solicitó enmendar las alegaciones de su demanda de la siguiente forma:

“Se enmienda el párrafo dos (2) déla demanda, a los efectos de corregir un error deforma con relación a la tablilla del vehículo Ford, Pick-Up 1989, con la tablilla 486579.

Se enmienda la alegación novena (9) a los efectos de señalar que la co-demandante Dharma Delgado Loperena, se encuentra incapacitada parcial y permanente con motivo del accidente y se alega afirmativamente que la referida co-demandante, Dharma Delgado Loperena, con motivo de dicha incapacidad ha sufrido daños económicos por la suma de $200,000.00 y prospectivamente la Sociedad Legal de Gananciales compuesta entre ella y su esposo Arturo García Ayala se verán afectadas por una suma aproximadamente de $300,000.00. ”

Así las cosas, la parte aquí recurrida se opuso a la referida enmienda para lo cual presentó una “Moción en Oposición a Solicitud de Enmiendas de Alegaciones”. El 15 de junio de 1999, el Tribunal de Primera Instancia, Sala Superior de Carolina, emitió resolución determinando no permitir la enmienda a las alegaciones a la demanda en cuestión. 
Inconforme con la anterior decisión, la parte demandante, aquí peticionaria, acude ante nos señalando como único error cometido por el foro recurrido lo siguiente:

“Cometió error el Honorable Foro de Instancia, al declarar Con Lugar la “Moción’ en Oposición a Solicitud de Enmiendas de Alegaciones”, presentada por la parte Demandada-Recurrida, produciendo esto que la parte demandante no pueda presentar prueba relativa a los daños económicos sufridos por la Sociedad Lega, de Gananciales compuesta por la co-demandante Dharma Delgado y su esposo Arturo García Ayala. ”

II
La Regla 13.1 de las de Procedimiento Civil es la fuente legal que regula lo relativo a cuándo y cómo podrán las partes enmendar las alegaciones luego de presentadas las mismas. Dispone la mencionada regla que:

“Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únipamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria, y el permiso se concederá liberalmente cuando la justicia así lo •equiera.

Por otro lado, la Regla 37.1(b) de las de Procedimiento Civil dispone que entre los asuntos que puede considerar el Tribunal de Primera Instancia en una Conferencia con Antelación al Juicio lo es “la necesidad o conveniencia de enmendar las alegaciones ”.
*915 En cuanto a la citada Regla 13.1 de las de Procedimiento Civil, supra, se ha señalado que la misma otorga amplia discreción a los tribunales para autorizar enmiendas a las alegaciones, aún en etapas avanzadas del procedimiento. Algunos de los factores que un tribunal debe tomar en cuenta al momento de determinar sobre la procedencia o improcedencia de una autorización para enmendar alegaciones, se encuentran los siguientes: (a) el momento en que se solicitan; (b) su impacto en la pronta adjudicación de la cuestión litigiosa; (c) la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda; (d) el peijuicio que causaría a otra parte; y (e) la naturaleza y méritos intrínsecos de la reclamación que tardíamente se presenta. 
Mediante las enmiendas a las alegaciones se puede ampliar una de las causas de acción alegadas en la demanda original, o puede añadirse una o varias causas de acción. El efecto de una autorización para enmendar las alegaciones, es que éstas se retrotraen a la fecha de la alegación original, siempre y cuando la alegación enmendada surja de la misma conducta, acto, omisión o evento original. Ello es así, aun cuando se trate de daños especiales que no fueron alegados inicialmente. De igual forma, se ha señalado que la Conferencia con Antelación al Juicio, la cual tiene como objeto simplificar los procedimientos, ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo. 
En el caso de autos, la parte demandante, aquí peticionaria, solicitó la autorización para enmendar las alegaciones a su demanda original en el Informe sobre Conferencia con Antelación al Juicio, el cual fue presentado al Tribunal de Primera Instancia en la Conferencia con Antelación al Juicio. Mediante las enmiendas solicitadas que están en controversia, la parte aquí peticionaria alega: (a) que la co-demandante, Dharma Delgado Loperena, había sufrido una incapacidad parcial y permanente como resultado del accidente automovilístico en cuestión; y (b) que dicha incapacidad había ocasionado a la parte demandante daños económicos ascendentes a la suma de doscientos mil dólares ($200,000), y prospectivamente afectaría a la co-demandante, Sociedad Legal de Gananciales que tiene compuesta con su esposo, señor Arturo García Ayala, en la cantidad de trescientos mil dólares ($300,000).
Somos de la opinión que en el caso de autos no existía razón de peso que moviera la discreción del Tribunal de Primera Instancia a denegar la solicitud de enmienda a la demanda presentada. Al momento en que fue efectuada la referida solicitud de autorización, los procedimientos del caso se encontraban en la etapa de la celebración de la vista sobre Conferencia con Antelación al Juicio. Es dicha vista, la que las propias Reglas de Procedimiento Civil disponen servirá, entre otros, para tal propósito. Cabe señalar, además, que la parte demandada, aquí recurrida, había sido debidamente avisada, mediante el párrafo nueve (9) de la demanda, que serían reclamadas las partidas de dinero correspondientes en la situación de que la parte co-demandante, señora Dharma Delgado Loperena, sufriera algún tipo de incapacidad parcial o permanente como resultado del accidente automovilístico en cuestión. De igual forma, la parte aquí peticionaria reclamó en la demanda original, aunque sin una partida específica de dinero, aquellos gastos económicos incurridos por la co-demandante, Sociedad Legal de Gananciales envuelta. Así, las referidas enmiendas a las alegaciones tienen el efecto de ampliar aquellas previamente realizadas por la parte demandante, aquí peticionaria, en su demanda original. Finalmente, la parte aquí recurrida no ha precisado en qué forma sus derechos se verían afectados en la situación de concederse las enmiendas a las alegaciones solicitadas. Concluimos que no existe en el caso de autos una razón de peso para actuar contrario a la normativa de que la autorización para permitir enmiendas a las alegaciones son concedidas discrecional, pero liberalmente. Somos de la opinión que las mismas debieron ser autorizadas.
III
Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la resolución recurrida.
*916 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 48
1. Apéndice HI, págs. 5-7, del escrito de certiorari.
2. Ibid., pág. 7.
3. Apéndice X, págs. 35-36, Ibid.
4. Apéndice IX, págs. 26-34(a), Ibid.
5. Apéndice II, págs. 2-4, Ibid.
6. Apéndice 1, pág. 1, Ibid.
7. Regla 37.1(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 37.1(b).
8. José Cruz Cora v. UCB/Trans Union Puerto Rico Division, 137 D.P.R. _ (1995), 95 J.T.S. 12, Opinión de 8 de febrero de 1995.
9. Ortiz Díaz v. R & R Motors Sales Corp., 131 D.P.R. 829 (1992).
10. Ibid., citando a Epifanio Vidal v. Suro, 103 D.P.R. 793 (1976).
11. Pérez Cruz v. Hospital de La Concepción, 115 D.P.R. 721 (1986).
12. Regla 13.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 13.3.
13. Ortiz Díaz v. R & R Motors Sales Corp., supra.
14. Regla 37.1(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 37.1 (b); Ortiz Díaz v. R & R Motors Sales Corp., supra.
15. Regla 37.1(b) de las de Procedimiento Civil, supra.