ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VIVIAN BÁEZ MOJICA<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE RÍO GRANDE;<br>MAPFRE PRAICO INSURANCE<br>COMPANY Y OTROS<br><br>Apelados | TA2025AP00149 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.<br>FA2024CV00470<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2025.

Comparece Vivian Báez Mojica ("señora Báez Mojica" o "Apelante") mediante recurso de *Apelación* y nos solicita que revoquemos la *Sentencia* emitida el 22 de mayo de 2025, notificada el 23 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("TPI"). En virtud del referido dictamen, el TPI desestimó la acción instada por la señora Báez Mojica por falta de legitimación activa.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

## I.

El 22 de mayo de 2024, la señora Báez Mojica, bajo el nombre de "Viviana" Báez Mojica, instó una *Demanda* sobre daños y perjuicios en contra del Municipio de Río Grande ("Municipio") y MAPFRE PRAICO Insurance Company ("MAPFRE" o "Apelado").

Tras varias instancias procesales, el 23 de septiembre de 2024, el Municipio y MAPFRE, de manera conjunta, presentaron una *Solicitud de Desestimación*. Señalaron que, según el documento de alta de la Corporación del Fondo del Seguro del Estado ("CFSE"), el nombre de la persona presuntamente perjudicada es "Vivian" Báez Mojica, no "Viviana"

Báez Mojica. Ante la incongruencia entre los nombres, arguyó que la parte compareciente carecía de legitimación activa.

Por otra parte, ese mismo día, el Municipio presentó una *Solicitud de Desestimación Parcial*. Adujo que procedía la desestimación de la reclamación instada en su contra, por ausencia de notificación dentro del término. Ante ello, el 25 de septiembre de 2024, la señora Báez Mojica instó una *Moción en torno a Desistimiento Parcial sin perjuicio*, en virtud del cual desistió de la acción presentada en contra del Municipio. Así las cosas, en esa misma fecha, el TPI notificó una *Sentencia Parcial*, mediante la cual ordenó el archivo sin perjuicio de la reclamación en contra del Municipio.

El 1 de octubre de 2024, la CFSE compareció a través de una *Solicitud de Intervención y Demanda de Subrogación*. Detalló que, tras el accidente sufrido, "Viviana" Báez Mojica se reportó a la CFSE. Como corolario, sostuvo que, en virtud de la Ley de Compensaciones por Accidentes del Trabajo, estaba facultada a subrogarse en los derechos del obrero lesionado e instar una reclamación en contra del tercero negligente. Aquilatada la solicitud de intervención, el foro de instancia autorizó la misma mediante *Orden* emitida el 3 de octubre de 2024, notificada el 4 de octubre de 2024.

Conforme a ello, el 11 de octubre de 2024, MAPFRE y el Municipio presentaron, nuevamente, una solicitud de desestimación. Reiteraron que, la señora Báez Mojica carecía de legitimación activa, ya que, conforme al documento de alta de la CFSE, el nombre de la alegada perjudicada era "Vivian" Báez Mojica.

El 23 de octubre de 2024, la señora Báez Mojica presentó una *Moción en Solicitud de Enmienda a Demanda,* con el único propósito de corregir su nombre de pila. Consecuentemente, en esa misma fecha, el Municipio y MAPFRE instaron su *Oposición a Solicitud de Autorización para Enmendar la Demanda.*

Ese mismo día, notificadas el día siguiente, el foro de instancia emitió tres (3) Órdenes. Mediante la primera Orden autorizó la sustitución de la

parte demandante. A su vez, en virtud de la segunda Orden le instruyó a la Secretaria del Tribunal a tomar nota en cuanto a la corrección en el nombre de la señora Báez Mojica. A través de la tercera y última Orden, le concedió a la apelante un término para exponer su posición en cuanto a la moción en oposición a la enmienda presentada por los apelados.

El 24 de octubre de 2024, la señora Báez Mojica notificó una *Moción en Cumplimiento de Orden*. Sostuvo que, dado a que el foro de instancia había autorizado la enmienda para corregir el nombre de la compareciente, la oposición presentada se había tornado académica.

En reconsideración, el 22 de mayo de 2025, notificada el 23 de mayo de 2025, el foro de instancia emitió una *Sentencia Final*. Mediante el referido dictamen, desestimó la reclamación instada por la señora Báez Mojica, por carecer de legitimación activa. Detalló que había autorizado la enmienda a la demanda, sin aquilatar la oposición instada por MAPFRE. Por consiguiente, manifestó que acogió la moción en oposición como una solicitud de reconsideración.

Así las cosas, resolvió que, ante el hecho de que la reclamación fue instada a nombre de Viviana Báez Mojica, pero el nombre de la alegada lesionada es Vivian Báez Mojica, la reclamante carecía de legitimación activa. Manifestó que el nombre de la persona con el derecho a reclamar es un elemento esencial y fundamental en una acción por daños y perjuicios. Por tanto, rechazó la autorización para enmendar la demanda y, como consecuencia, la desestimó.

Inconforme, el 6 de junio de 2025, la apelante instó una *Moción Solicitando Reconsideración*, la cual fue denegada mediante *Orden* dictada el 1 de julio de 2025. Insatisfecha aún, el 18 de julio de 2025, la señora Báez Mojica acudió ante esta Curia mediante recurso de *Apelación*. La apelante realizó los siguientes señalamientos de errores:

> **Erró el Honorable Tribunal de Primera Instancia al determinar que la reclamante no posee legitimación activa, tomando en cuenta un mero error de forma, cuando esta fue quien sufrió el daño y recibió el tratamiento.**

**Erró el Tribunal de Primera Instancia al desestimar la reclamación, a pesar de que la misma era susceptible de ser enmendada.**

**Erró el Honorable Tribunal de Primera Instancia al no permitir la enmienda solicitada, aun cuando dicha solicitud iba dirigida a corregir un error de forma que en nada afecta la sustancia de la reclamación.**

El 15 de agosto de 2025, MAPFRE presentó su *Alegato de la Parte Apelada*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

## -A-

Sobre las enmiendas a las alegaciones, la Regla 13.1 de las de Procedimiento Civil dispone que:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; **el permiso se concederá liberalmente cuando la justicia así lo requiera**. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

> 32 LPRA Ap. V., R. 13.1

Cónsono con esta disposición, una vez que las partes han intercambiado alegaciones, solamente podrán enmendarlas con el consentimiento escrito de la parte contraria o con el permiso del tribunal. Nuestro más Alto Foro ha resuelto que los tribunales deberán conceder el permiso para enmendar las alegaciones originales de forma liberal, aun cuando el proceso se encuentre en una etapa avanzada. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012). A lo anterior, debe integrarse que existe una clara política judicial de que los casos se ventilen en sus méritos. *Íd.*

A pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal para autorizar enmiendas a las alegaciones, esta liberalidad no es infinita. *Colón Rivera v. Wyeth Pharm.*, *supra*, pág. 199, citando a *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322 (2010); *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1976). El Tribunal Supremo ha expresado que, antes de autorizar una enmienda a las alegaciones, el tribunal debe analizar y tomar en consideración: (1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. *Colon Rivera v. Wyeth Pharm, supra*, pág. 199, citando a *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005). Sin embargo, el Alto Foro ha reiterado que, "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". *Íd.*

**-B-**

La legitimación activa es una doctrina de autolimitación judicial, mediante la que se analiza si la parte compareciente es la parte adecuada para cuestionar una actuación guberna mental. *Hernández Montañez v. Parés Alicea*, 208 DPR 727 (2022). Específicamente, se ha definido a la legitimación activa como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).

Para que una parte tenga legitimación activa debe demostrar la existencia de varios elementos, a saber: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto e hipotético; (3) existe un nexo causal entre el daño sufrido y la acción ejercitada; y (4) que su causa de acción surge al amparo de la ley o la Constitución. *Íd.*

**III.**

En síntesis, la señora Báez Mojica señala que el foro de instancia incidió al: (1) determinar que no ostenta legitimación activa, por un mero error de forma, cuando esta fue la parte perjudicada; y (2) no permitir enmendar la demanda, a pesar de que es susceptible de ser enmendada y no ocasiona un perjuicio sustancial. De manera particular, aduce que la legitimación activa lo que persigue es que el Tribunal tenga ante sí una controversia real, y que la persona que reclama es la que posee un interés genuino en la resolución del pleito, toda vez que fue quien sufrió un daño. Puesto así, manifiesta que, en el caso de marras, a pesar del error ortográfico, no cabe duda alguna que es la persona realmente interesada.

Detalla, además, que se ha demostrado que cumple con los requisitos de legitimación activa, a saber: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto e hipotético; (3) existe un nexo causal entre el daño sufrido y la acción ejercitada; y (4) que su causa de acción surge al amparo de alguna ley o la Constitución. Como corolario, sostiene que procedía enmendar la reclamación, a los efectos de corregir el error ortográfico.

Como cuestión umbral, debemos resolver si el foro de instancia incidió al no permitir corregir el nombre de la señora Báez Mojica mediante el mecanismo de la enmienda a las alegaciones.

Conforme surge del expediente, por error o inadvertencia, la reclamación fue radicada a nombre de "Viviana" Báez Mojica, en lugar del nombre correcto de la parte presuntamente perjudicada, "Vivian" Báez Mojica. Posteriormente, mediante la presentación de una solicitud de desestimación instada por MAPFRE, la apelante advino en conocimiento de la falta cometida. Como resultado, la señora Báez Mojica solicitó enmendar la Demanda, a los únicos fines de corregir su nombre de pila. Ese mismo día, el foro de instancia autorizó la enmienda peticionada.

No obstante, luego de que la parte apelada instara una oposición a la enmienda ya autorizada, el TPI acogió la misma como una solicitud de

reconsideración. A base de ello, emitió una *Sentencia* mediante la cual dejó sin efecto la enmienda ya autorizada y, como corolario, desestimó la acción presentada por la señora Báez Mojica, por falta de legitimación activa. Además, el *foro a quo* manifestó, sin más, que no procedía enmendar la demanda, ya que la apelante no acreditó justa causa para ello.

Según las disposiciones normativas que hemos reseñado, al momento de aceptar o denegar una enmienda, el factor que resulta de mayor envergadura es el perjuicio que le ocasionaría a la otra parte. En el presente caso, MAPFRE, desde un principio, ha estado enterada de la reclamación en su contra, por lo cual nunca se ha visto afectado su derecho a un debido proceso de ley. A su vez, es de notar que el pleito se encuentra en sus comienzos, todavía no se ha contestado la demanda y tampoco se ha iniciado el descubrimiento de prueba. Por esta razón, somos del criterio que enmendar la reclamación, para sustituir el nombre de la alegada parte perjudicada, en esta etapa de los procedimientos no le ocasionaría ningún perjuicio manifiesto a la parte apelada. Así dispuesto, resulta forzoso concluir que el foro de instancia cometió un error al no autorizar la enmienda a la Demanda.

**IV.**

Por los fundamentos que anteceden, se *revoca* la determinación apelada. Se devuelve al foro de instancia para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones