Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| WMJ Enterprise LLC<br><br>RECURRIDOS<br><br>v.<br><br>Bienvenida Santana Rodríguez,<br>José A. Mendoza Santana<br><br>PETICIONARIOS | TA2025CE00940 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm. AG2022CV00979<br><br>Sobre:<br>Acción Reinvindicatoria |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Grana Martínez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante nos la señora Bienvenida Santana Rodríguez y el señor José A. Mendoza Santana (en adelante los Peticionarios) mediante una *Petición de Certiorari* instado el 22 de diciembre de 2025. En su recurso, nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante TPI o foro primario) el 20 de noviembre de 2025, en la cual elimina la enmienda de una alegación del Informe de Conferencia con Antelación a Juicio en cuanto a la defensa de usucapión.

Por los fundamentos que expondremos a continuación, se expide el *Certiorari* y se revoca la Resolución del Tribunal de Primera Instancia. Exponemos el trasfondo fáctico y procesal que acompaña la presente controversia.

### I.

El 30 de junio de 2022, WMJ Enterprise LLC (en adelante, el "Recurrido") presentó una Demanda en contra de los Peticionarios que gira en torno a tres (3) causas de acciones, estas son una acción

reivindicatoria, daños y perjuicios y cobro de dinero.[1] Según surge de la Demanda, la Recurrida es dueña y titular de una finca rústica ubicada en el municipio de Rincón con una cabida superficial de cincuenta mil doscientos dos punto cero veintiséis metros cuadrados (50,202.026).[2] El inmueble fue adquirido mediante la Escritura de Compraventa número ochenta y seis (86) ante el Notario Gary E. Biaggi Silva.[3] Asimismo, alegan que "la entidad demandante advino dueña y titular de la mencionada propiedad, esta entró en posesión de esta, y se mantuvo en su posesión de manera ininterrumpida hasta el presente".[4]

El 8 de agosto de 2022, se diligenciaron los emplazamientos a los Peticionarios.[5]

Posteriormente, el 11 de enero de 2023, los Peticionarios presentaron su Contestación a Demanda.[6] *En su escrito señalaron que han poseído la vivienda por más de sesenta (60) años y que la casa es su residencia principal.*[7] (Énfasis suplido). Dentro de las defensas afirmativas que presentaron los Peticionarios se encuentra que la acción está *prescrita* sin especificar si es una adquisitiva o extintiva.[8] Además, se reservaron el derecho de levantar cualquier otra defensa afirmativa que surja durante el descubrimiento de prueba.[9]

Después de varias instancias procesales, el 16 de julio de 2024, el Recurrido presentó una Moción Informativa y Solicitud de Sanciones por incomparecencia de las partes Demandadas.[10] Esto, debido a que, en el proceso de descubrimiento de prueba no fue uno fructífero por las dilaciones e incomparecencia de la parte

---

[1] Véase Ent. Sum. TPI. Núm. 1.
[2] *Íd.*
[3] *Íd.*
[4] *Íd., pág. 2.*
[5] Véase Ent. Sum. TPI. Núm. 7.
[6] Véase Ent. Sum. TPI. Núm. 13.
[7] *Íd.*
[8] *Íd.*
[9] *Íd.*
[10] Véase Ent. Sum. TPI. Núm. 34.

peticionaria.[11] Por consiguiente, se solicitó al foro primario "que imponga las sanciones pertinentes, las cuales, ante el reiterado incumplimiento de la parte demandada con las órdenes del Tribunal, entendemos debe ser la eliminación de las alegaciones, surte su pertinaz desdén e incumplimiento con las órdenes judiciales". [12]

De la minuta de la vista celebrada el 16 de agosto de 2024, se desprende que los Peticionarios señalaron que la razón por la cual la Sra. Santana no ha comparecido a la toma de deposición es que se encontraba en los Estados Unidos.[13] Debido a que, al Recurrido le cancelaron los servicios de agua y luz y había tenido unos percances de salud.[14] Por lo cual, no había podido viajar a Puerto Rico.

El 15 de octubre de 2025, las partes presentaron el Informe de Conferencia Con Antelación a Juicio.[15] Los Peticionarios realizaron la siguiente enmienda a las alegaciones como parte del informe:

> Realizado el Descubrimiento de Prueba en el presente caso, se alega que la Parte Demandante no ha provisto evidencia suficiente para probar su Acción Reivindicatoria conforme lo establece la Jurisdicción y Derecho aplicables. Tampoco ha provisto evidencia de los alegados daños sufridos. *Igualmente, realizado el Descubrimiento de Prueba, la Parte Demandada arguye que se configura la norma de usucapión en el presente caso, a favor de la señora Bienvenida Santana, cumpliéndose los requisitos legales para ello.* (Énfasis suplido).

El 15 de octubre de 2025, el foro primario emitió una Minuta-Resolución en la cual manifestó que la Usucapión es una defensa afirmativa que tenía que ser levantada en la Contestación a la Demanda, traer la enmienda como parte del Informe de Conferencia

---

[11] *Íd.*
[12] *Íd.* pág. 7-8.
[13] Véase Ent. Sum. TPI. Núm. 36.
[14] *Íd.*
[15] Véase Ent. Sum. TPI. Núm. 47.

con Antelación a juicio y debía tener una justificación especifica.[16] Por consiguiente, no permitió la enmienda a la alegación.

El 30 de octubre de 2025, los Peticionarios presentaron una Moción de Reconsideración. Por otro lado, el TPI notificó una Resolución Interlocutoria en la cual declaró la moción "No Ha Lugar". [17]

Inconforme con esta determinación, el 22 de diciembre de 2025, el Peticionario presentó un *Certiorari* en el cual realizó los siguientes señalamientos de errores:

> Erró el Honorable Tribunal de Primera Instancia al no permitir la Enmienda de Alegación presentada por la Parte Demandada – Peticionaria en el Informe de Conferencia con Antelación a Juicio, alegando que la defensa afirmativa de Usucapión tenía que especificarse en la Contestación a la Demanda, cuando la misma procedía bajo los hechos del caso y el Derecho aplicable.

> Erró el Honorable Tribunal de Primera Instancia al concluir que [l]a Parte Demandada – Peticionaria no había indicado la defensa de Usucapión en su Contestación a Demanda del texto de la misma se expresó y se hizo referencia a la figura de prescripción en las Defensas Afirmativas.

## II.

### A.    *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el *certiorari* se reconoce como un recurso discrecional, la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no

---

[16] Véase Ent. Sum. TPI. Núm. 49.
[17] Véase Ent. Sum. TPI. Núm. 51.

es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Enmienda a las Alegaciones

El inciso (l) de la Regla 37.4 de Procedimiento Civil de 2009 señala que en el Informe de Conferencia Con Antelación a Juicio se podrá "presentar enmiendas a las alegaciones y los fundamentos por los cuales estas no se presentaron con anterioridad". 32 LPRA Ap. V. Según el Prof. Javier Echevarría el inciso (l) de la antes mencionada regla tiene que ser evaluada conforme a la Regla 13.1 de Procedimiento Civil. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 1ª ed. rev. Colombia, 2012, pág. 240.

La Regla 13.1 de Procedimiento Civil rige las enmiendas a las alegaciones, esta regla establece que:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; *el permiso se concederá liberalmente cuando la justicia así lo requiera.* 32 LPRA Ap. V. (Énfasis suplido).

En *SLG Font Bardon v. Mini – Warehouse,* 179 DPR 322, 335 (2010) también se reiteró este principio de liberalidad a favor de las enmiendas. El Tribunal Supremo consignó que cuando los

tribunales examinen si permitirán o no una enmienda de las alegaciones, tienen que ejercer su facultad liberalmente. Asimismo, se reconoció que en nuestro ordenamiento jurídico existe una política judicial a favor de que los casos se resuelvan en sus méritos. *Íd.*

No obstante, aunque exista un trato favorable a la liberalidad de las enmiendas esta no es una infinita. *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975). En el caso antes mencionado el Tribunal Supremo esbozó unos criterios discrecionales para ver si la enmienda será permisible, estos son los siguientes: "(1) el impacto del tiempo transcurrido previo a la demanda, (2) la razón de la demora, (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada". *SLG Sierra v. Rodríguez*, 163 DPR 738, 749 (2005). Estos cuatro (4) criterios se tienen que interpretar conjuntamente. *Íd.*

Ahora bien, de estos criterios antes mencionado el factor que más peso le tiene que dar el Tribunal es el del *perjuicio* que le puede casuar a la otra parte. *Colón Rivera v. Wyeth Pharm*, 184 DPR 184, 204 (2012). (Énfasis suplido). Nuestro máximo foro estableció que "ocurre un perjuicio indebido cuando la enmienda: (1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Íd.*

El Tribunal Supremo ha reiterado que el mero hecho de que haya transcurrido el tiempo no impide que el Tribunal puede aceptar la enmienda. *SLG Font Bardon v. Mini – Warehouse, supra,* pág. 335-336. Una enmienda se puede permitir hasta en etapas avanzadas como la Conferencia con Antelación a Juicio. *SLG Font Bardon v. Mini – Warehouse, supra,* pág. 335-336; *SLG Sierra v. Rodríguez, supra,* pág. 479. Debido a que, la Conferencia con Antelación a

Juicio tiene como motivo "simplificar los procedimientos, ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo". *Ortíz Díaz v. R & R Motors Sales Corp*, 131 DPR 829, 837 (1992).

## C.  Defensas Afirmativas

Según el tratadista Hernández Colon "una defensa afirmativa es la afirmación que hace el demandado con hechos o argumentos, que, de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran aceptadas como correctas". R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ª ed. rev., San Juan, Ed. Lexis Nexis, 2017, pág. 290.  Estas defensas son principalmente de índole sustantiva y/o materia constitutiva de excusa por el cual el demandado no debe responder. *Íd.*

La Regla 6.2 (a) de Procedimiento Civil, 32 LPRA Ap. V., en lo que respecta a las defensas afirmativas establece que estas se expondrán contra cada reclamación presentada, además, será necesario *señalar cuales son los hechos demostrativos que respaldan a las defensas*. (Énfasis suplido).

La Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V., menciona un listado no taxativo sobre las defensas que se pueden presentar en una alegación responsiva.  Dentro de ese listado el inciso (q) establece como defensa la prescripción adquisitiva o extintiva. Asimismo, esta regla establece que las "defensas deberán plantearse en forma clara, expresa y especifica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente". *Íd.* Por consiguiente, de no establecer la defensa afirmativa en la alegación responsiva se tendrá por renunciada.

**III.**

Los señalamientos de error serán analizados en conjunto, por estar estrechamente relacionados entre sí.

Es harto sabido que nuestro ordenamiento jurídico fomenta que los casos se ventilen en sus méritos. El desarrollo jurisprudencial elaborado por el Tribunal Supremo en torno a las enmiendas de las alegaciones es uno de carácter liberal. Los peticionarios quisieron enmendar las alegaciones de su Contestación a la Demanda en el Informe de Conferencia con Antelación a Juicio. Esto, con el propósito de poder presentar la defensa afirmativa de la usucapión. Según surge de la Contestación a la Demanda se alegó que los peticionarios han residido por un plazo de sesenta (60) años en el inmueble. No obstante, no se especificó esta defensa afirmativa expresamente, y nada más se limitaron a establecer como defensa la prescripción.

La prescripción tiene dos vertientes, la adquisitiva y la extintiva, siendo la primera la que da paso a la figura de la usucapión. Nuestro máximo foro ha establecido que en el ordenamiento civil se va más allá de "*la mística de las palabras*". *SLG Rivera v. Rodríguez, supra,* pág. 747, citando a *Ruiz Santiago v. ELA,* 116 DPR 306, 309 esc. 2 (1985). Énfasis suplido. Por consiguiente, al mencionar el plazo de sesenta años (60) poseyendo un inmueble dentro de las alegaciones y al ver la figura de la prescripción no podemos llegar a otra conclusión que a la prescripción que se refería el peticionario es a la prescripción adquisitiva.

Como resaltamos en el párrafo anterior, la enmienda solicitada se llevó a cabo en el Informe de Conferencia con Antelación a Juicio. Nuestro máximo foro local ha reiterado en *SLG Font Bardon v. Mini – Warehouse, supra,* pág. 335-336; *SLG Sierra v. Rodríguez, supra,* pág. 479, que las enmiendas a las alegaciones

se pueden dar en la antes mencionada etapa procesal.  Por lo tanto, los peticionarios actuaron diligentemente y a tiempo.

Según lo resuelto en *SLG Sierra v. Rodríguez, supra*, pág. 749, el tribunal delimito cuatro (4) criterios para ver si la enmienda es una permisible o no. A continuación, expondremos los criterios y los aplicaremos al caso de marras. Como primer criterio, se encuentra (1) el impacto del tiempo transcurrido previo a la alegación. De la contestación a la demanda al Informe de Conferencia con Antelación a Juicio pasaron alrededor de dos (2) años. La cantidad de tiempo no puede considerarse como uno irrazonable. El segundo elemento (2) la razón de la demora. Los Peticionarios expusieron como justificación de la tardanza, que se dieron cuenta en el descubrimiento prueba que le asistía esta defensa. No obstante, aunque de la deposición y el interrogatorio enviado no se desprende hechos para que surja la misma, lo cierto es que, bajo una interpretación implícita de su alegato, la defensa de prescripción adquisitiva estaba en su escrito y se alegó a tiempo.  El tercer factor es el perjuicio de la otra parte. Este factor hemos señalado es el que más peso tiene. Asimismo, este criterio tiene dos vertientes las cuales son: "(1) cambia sustancialmente la naturaleza y el alcance del caso convirtiendo la controversia inicial en tangencial o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Colón Rivera v. Wyeth Pharm*, 184 DPR 184, 204 (2012). Ninguna de las dos (2) vertientes de perjuicio indebido se concretiza debido a que, la controversia inicial sigue siendo la disputa del inmueble, por el cual se insta la acción reivindicatoria. En lo que respecta al segundo criterio, no se tiene que alterar la estrategia del litigio, debido a que de la faz de las alegaciones en la Contestación a la Demanda el recurrido tenía que contemplar que esta defensa afirmativa podía surgir. Asimismo, no debe incurrir en un nuevo descubrimiento de

prueba, debido a que tendrá la oportunidad de confrontar al testigo en el juicio que vaya a declarar sobre el inmueble presuntamente usucapido. Por último, el cuarto factor, (4) la procedencia de la enmienda solicitada. Dicho criterio se cumple a cabalidad, debido a que, como hemos mencionado, el Tribunal Supremo ha avalado a que se lleven a cabo enmiendas en el Informe de Conferencia con Antelación a Juicio.

Después de haber analizado el expediente íntegramente y analizar los criterios conjuntamente, según establecidos en la jurisprudencia, para ver si procede la enmienda solicitada o no, concluimos en la afirmativa. Por consiguiente, el TPI cometió el error de no permitir la alegación en el Informe de Conferencia con Antelación a Juicio.   Destacamos que existe una política de que los casos se vean en sus méritos. La enmienda solicitada se hizo en un momento oportuno.

**IV.**

Por los fundamentos antes expuestos, se expide el *Certiorari* y se revoca la Resolución emitida por el Tribunal de Primera Instancia. Se devuelve el caso al foro primario para que continue con los procedimientos compatible con lo resuelto en esta Sentencia.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones